## AFFIDAVIT OF DEPORTATION OFFICER CHRISTOPHER R. JORDAN IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christopher R. Jordan, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") and have been so employed since January 20, 2019. I have successfully completed training programs in conducting criminal and administrative investigations at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have a graduate certificate and bachelor's degree from the Southern New Hampshire University. I have served as a law enforcement officer for the last 5 years. My current duties as an ICE ERO Deportation Officer include conducting investigations involving foreign nationals who had previously been deported from the United States and are found unlawfully back in the United States. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of documents from the Alien File #xxx-xxx-766 ("A-File") associated with an individual named Ilma Leandro-De Oliveira ("LEANDRO"), DOB: xx/xx/1972.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging LEANDRO with illegal reentry, in violation of Title 8, United States Code, Section 1326(a). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant. In submitting this affidavit, I have not included each and

every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## PROBABLE CAUSE

4. LEANDRO entered the United States on an unknown date at an unknown place without being inspected by an immigration officer.

5. On September 18, 2007, LEANDRO was encountered by United States Border Control around the Rio Grande River near Laredo, Texas. On September 21, 2007, LEANDRO was served a Form I-860 Notice and Order of Expedited Removal, ordering her removed from the United States.

6. LEANDRO was transferred to ICE custody, and on December 27, 2007, LEANDRO was removed from the United States to Brazil. At the time of her removal, LEANDRO's fingerprints, photograph, and signature were obtained.

7. Thereafter, on an unknown date and at an unknown location, LEANDRO reentered the United States without being inspected.

8. On March 17, 2025, ICE became aware that LEANDRO was present in the United States when she was arrested by the Falmouth Police Department for incest, statutory rape of a child, unnatural acts with a child, and indecent assault and battery on a child. LEANDRO was released from custody before ICE could take any action.

9. On or about March 17, 2025, ICE received notice that its computer databases had been notified that LEANDRO's fingerprints had been run by the Falmouth Police Department.[1]

---

[1] When a subject is arrested by a Law Enforcement Agency (LEA) and they take a subject's fingerprints, those fingerprints are then submitted to the FBI database system (CJIS). These fingerprint results are then sent to DHS's Office of Biometric Identity Management (OBIM). OBIM maintains a biometric system called IDENT, which maintains fingerprint records on every

According to the information in the IDENT system, LEANDRO's fingerprints taken at the time of her December 27, 2007 removal match the fingerprints taken at the time of her March 17, 2025 arrest.

10. On March 20, 2025, ICE arrested LEANDRO and served her with a Form I-871 Notice of Intent/Decision to Reinstate Prior Order of Removal. LEANDRO is currently in ICE custody.

11. Based on the automated notifications of biometric matches of fingerprint images assigned to LEANDRO, I have probable cause to believe that the individual arrested on March 17, 2025, and the individual removed from the United States on December 27, 2007, are the same person— LEANDRO. LEANDRO's fingerprints taken at the time of her arrest on March 17, 2025 will be sent to the HSI Laboratory for comparison to the fingerprints taken at the time of her removal on December 27, 2007.

12. On or about April 3, 2025, I reviewed the documents contained in LEANDRO's A-file and confirmed, among other things, that LEANDRO is a citizen and national of Brazil. The A-file also contains the removal verification documents referenced above.

13. A review of LEANDRO's A-file also revealed no evidence that she has ever requested or received the express consent of the Secretary of the Department of Homeland Security or the Attorney General to re-enter the United States following her deportation.

## CONCLUSION

14. Based on the foregoing facts, I submit there is probable cause to believe that on or about March 17, 2024, LEANDRO, being an alien and having been excluded, removed, or

---

alien's fingerprints that ICE, CBP or USCIS has captured for whatever reason. These prints are then assigned a FINS # (Fingerprint Identification Number System (FINS)) which, like the FBI #, is unique to the individual. The FBI prints and the IDENT prints are then automatically matched by comparing various points of the fingerprints friction ridge detail to establish a biometric match.

deported from the United States on or about December 27, 2007, was thereafter found in the United States without having received the express consent of the Secretary of the Department of Homeland Security or the Attorney General to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

/s/ Christopher R. Jordan
_____
Christopher R. Jordan
Deportation Officer
U.S. Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this 4th day of April, 2025.

_____
HONORABLE M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE